**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT ASHLAND**

**CRIMINAL ACTION NO. 10-1-DLB-1
CIVIL ACTION NO. 11-7183-DLB-REW**

**UNITED STATES OF AMERICA**                                            **PLAINTIFF**

**vs.**                          <u>**ORDER AND JUDGMENT**</u>

**ANDREA CLICK**                                                                     **DEFENDANT**

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on Defendant's *pro se*[1] "Motion to Apply Credit for Time Already Served, Good Conduct Time and Concurrent State Time to Defendant's Federal Prison Sentence," which was filed under 28 U.S.C. § 2255 (Doc. # 73), and the United States' Motion to Dismiss Defendant's § 2255 petition (Doc. # 75). Consistent with local practice, this matter was referred to Magistrate Judge Robert Wier for the purpose of reviewing the motion and preparing a Report and Recommendation ("R&R"). Upon review, the Magistrate Judge construed Defendant's motion as a "hybrid petition," presenting "substantive § 2255 theories along with credit calculation arguments reserved for a § 2241 petition." (Doc. # 87 at 4 n. 4).

---

[1] As Magistrate Judge Ingram stated, Defendant filed her original motion "appearing *pro se* with the assistance of Omar Ahmad, Esq." (Doc. # 73). Upon the Magistrate Judge's initial review, he noted that Mr. Ahmad was not licensed to practice law in the Commonwealth of Kentucky, and warned Mr. Ahmad of the Kentucky's Supreme Court prohibition against the unlawful practice of law by an attorney licensed in another state but not in Kentucky who does not obtain court authorization to practice here. (Doc. # 74 at 1 n. 1). Apparently in light of the Magistrate Judge's warning, Mr. Ahmad moved for *pro hac vice* admission, which the Court granted. (Doc. # 78). Mr. Ahmad then prepared and filed a reply on behalf of defendant. Nevertheless, Magistrate Judge Ingram appropriately concluded that this should be considered a *pro se* motion because it was initially filed as such.

In his well-reasoned and thoroughly substantive R&R filed on December 11, 2012, Magistrate Judge Wier recommends that Defendant's claims arising under § 2255 be dismissed with prejudice because she knowingly and voluntarily waived her right to collaterally attack the guilty plea and conviction. (Doc. # 35 at ¶ 7). Additionally, the Magistrate Judge recommends that Defendant's ineffective assistance of counsel claims be dismissed because they lack merit. Regarding Defendant's claims arising under § 2241, the Magistrate Judge recommends that those claims be dismissed without prejudice because this Court lacks jurisdiction to modify Defendant's sentencing credit, as she is being incarcerated outside of the Eastern District of Kentucky. *See Alvey v. United States*, 889 F.2d 1221, at *1 (6th Cir. 1990) (table) ("[A] federal prisoner who wishes to raise a sentencing credit issue may do so only by filing a petition for a writ of habeas corpus under 28 U.S.C. § 2241. The petition is properly brought in the district court having jurisdiction over the petitioner's custodian."). Finally, because the Magistrate Judge opines that each of Defendant's claims are entirely without merit, he also recommends that no certificate of appealability be issued and that the § 2241 claims not be transferred to the appropriate jurisdiction. As no objections have been filed and the time to do so has expired, the R&R is now ripe for review.

Having reviewed the Magistrate Judge's R&R, the Court concurs with his recommended disposition. Defendant has waived the right to collaterally attack her guilty plea and conviction (Doc. # 35 at ¶ 7), and is therefore precluded from challenging her counsel's effectiveness via a § 2255 petition. Moreover, Defendant's ineffective assistance of counsel claims are entirely without merit as explained in the R&R. In addition, to the extent Defendant is challenging the execution of her sentence under § 2241, this Court

does not have jurisdiction to consider that contention. For each of these reasons, Defendant's hybrid motion is **denied**. Accordingly,

**IT IS ORDERED AND ADJUDGED** that:

(1) The Magistrate Judge's Report and Recommendation (Doc. # 87) is hereby **ADOPTED** as the Opinion of the Court;

(2) Defendant's Motion to Apply Credit for Time Already Served, Good Conduct Time and Concurrent State Time to Defendant's Federal Prison Sentence (Doc. # 73), is hereby **construed** as a hybrid filing under both 28 U.S.C. § 2255 and 28 U.S.C. § 2241. So **construed,** Defendant's motion is hereby **DENIED**;

(3) The United States' Motion to Dismiss as it relates to claims arising under 28 U.S.C. § 2255 (Doc. # 75) is **GRANTED**;

(4) Each of Defendant's claims arising under 28 U.S.C. § 2255 are hereby **DISMISSED WITH PREJUDICE**;

(5) Each of Defendant's claims arising under 28 U.S.C. § 2241 are hereby **DISMISSED WITHOUT PREJUDICE**;

(6) For the reasons set forth in the Magistrate Judge's R&R, the Court determines there would be no arguable merit for an appeal in this matter and, therefore, no certificate of appealability shall issue; and

(7) This matter is hereby stricken from the Court's docket.

This 4th day of January, 2013.



G:\DATA\ORDERS\Ashland Criminal\2010\10-1-1 Order Adopting R&R re 2255 and 2241.wpd