UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
ASHLAND

CRIMINAL ACTION NO. 0:10-01-DLB-01

UNITED STATES OF AMERICA,                                                                    PLAINTIFF,

V.                              **MAGISTRATE JUDGE'S
                                REPORT AND RECOMMENDATION**

ANDREA CLICK,                                                                                 DEFENDANT.

***** ***** *****

This matter came before the Court for a final revocation hearing on August 10, 2015, as a result of a Supervised Release Violation Report dated August 4, 2015. The report outlines two (2) violations of Defendant's Supervised Release. At the final hearing, Click was present and represented by appointed counsel, David Mussetter, and the United States by and through Assistant United States Attorney Tony Bracke. During the hearing, Click stipulated to the two (2) violations as outlined in the report, waived her right of allocution before a United States District Judge and exercised her right of allocution before the undersigned. The parties jointly recommended that the Court impose a term of incarceration of nine (9) months with 36 months of supervised release to follow. For the reasons that follow, the undersigned finds Click guilty of the violations outlined in the report, and recommends that the Court impose a sentence of nine (9) months incarceration, followed by 36 months of supervised release.

**FINDINGS OF FACT**

Click admitted to the historical facts of the violation report, and the facts as alleged in Violation Nos. 1 and 2, at the hearing. Specifically, she admitted to illegal possession and use of

heroin. As a result of her admitted conduct, the Court finds by a preponderance of the evidence that she has violated the following conditions of supervised release:

(1) Violation No. 1: Standard Condition #7: The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician. (Grade C Violation); and,

(2) Violation No. 3: Supervised Release Condition: The defendant shall not commit another federal, state, or local crime. (Grade B Violation).

## ANALYSIS

In making a recommendation regarding the imposition of sentence, the undersigned has considered the following factors set forth in 18 U.S.C. § 3553:

**(I) The History and Characteristics of the Defendant, and the nature and circumstances of the offense.** On July 12, 2010, Click was sentenced to 60 months imprisonment, to be followed by a three-year term of supervised release, after pleading guilty to Conspiracy to Distribute Oxycodone in violation of Title 21 U.S.C. § 846. Defendant began her term of supervised release on April 28, 2014. Subsequently, she Defendant violated her supervised release. First, she was found to have used heroin, alcohol, marijuana and attempted to alter her urinalysis on or about June 4, 2015. As a result she was directed to serve 4 weekends of confinement. Second, on July 9, 2015, she used heroin at various times during July 2015, but after checking herself into the Bellefonte Detoxification Unit on July 1, 2015, she was allowed to continue on supervision.

Finally, the conduct leading to the current violations occurred. During an office visit, Click

was asked to submit to urinalysis, and yielded results positive for morphine, cocaine and buprenorphine. She denied use of the substances, but further testing by a laboratory confirmed the results. Only at the final hearing, after being confronted with the positive results, did Click admit to the illegal use and possession of heroin in violation of the terms of her supervision.

Defense counsel related to the Court that Defendant is a 34 year old well educated individual with a bachelor's degree from Marshall University. She has a history of being diagnosed as bi-polar for which she has been seeking treatment. Defense counsel encouraged her to focus on her future possibilities and not her past transgressions.

**(ii) The need for the sentence to reflect the seriousness of the offense; to promote respect for the law; to provide just punishment for the offense; to afford adequate deterrence to future conduct; and to protect the public from further crimes of the Defendant.** Considering the Defendant's criminal history category of III, the instant and past violations in this matter, the fact that upon past violations she was allowed to continue on supervision with modified conditions, her obvious and enduring struggle with substance abuse, and her history of attempting to conceal facts from the probation officer, the Court believes a period of nine (9) months' incarceration to be appropriate. The recommended sentence is necessary as past attempts to curb her conduct have been met with new violations. The sentence is necessary in order to instill in Ms. Click a respect of the law and for the orders of this Court, and to punish her illegal conduct, deterring future violations and thus protecting the public from further crimes.

**(iii) The sentencing guideline recommendation for imprisonment and statutory limitations.** In the instant matter, the most serious of the violations committed by the Defendant is a Grade B violation, and under § 7B1.4(a), based on the Defendant's criminal history category

of III, the guideline range of imprisonment would be eight (8) to fourteen (14) months. In addition, the maximum period of supervised release upon re-imposition would be not more than three (3) years, less any term of imprisonment imposed upon revocation. *See* 18 U.S.C. § 3583(h). The Guidelines are, of course, advisory in nature, to be considered by the District Judge along with all relevant factors in exercising his sentencing discretion.

## **RECOMMENDATION**

The undersigned in making a recommendation, has considered the facts set out above in accordance with controlling law, the Defendant's past and continuing criminal conduct, the serious nature of the instant violations, and the parties' joint recommendation regarding the appropriate length of the Defendant's sentence.

For the reasons stated herein, IT IS RECOMMENDED AS FOLLOWS:

(1) That the Defendant be found to have committed Violation No. 1 andw2 based on her stipulation; and

(2) That the Defendant be sentenced without delay to 9 months incarceration, with thirty-six (36) months of supervision upon release from incarceration.

Specific objections to this Report and Recommendation must be filed within fourteen (14) days from the date of service thereof or further appeal is waived. United States v. Campbell, 261 F.3d 628, 632 (6th Cir. 2001); Bituminous Cas. Corp. v. Combs Contracting Inc., 236 F. Supp. 2d 737, 749-750 (E.D. Ky. 2002). General objections or objections that require a judge's interpretation are insufficient to preserve the right to appeal. Cowherd v. Million, 380 F.3d 909, 912 (6th Cir. 2004); Miller v. Currie, 50 F.3d 373, 380 (6th Cir. 1995).

Signed August 13, 2015.

